```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FLORICA BULIGA,                         :
                    Plaintiff,          :
                                        :        07 Civ. 6507 (DLC)
         -v-                            :
                                        :        OPINION AND ORDER
NEW YORK CITY TAXI LIMOUSINE            :
COMMISSION,                             :
                    Defendant.          :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Appearances:

Plaintiff Florica Buliga, Pro Se

For Defendant:
Gabriel Taussig
Mark Muschenheim
Teresita V. Magsino
Assistant Corporation Counsel
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

Plaintiff Florica Buliga ("Buliga"), a New York City taxi driver who is proceeding pro se, filed this action on July 18, 2007. He alleges that the New York City Taxi and Limousine Commission ("TLC") violated his privacy rights under the Fourth and Ninth Amendments of the United States Constitution by collecting information about taxicabs' trips, fares, and tips.

On September 21, the TLC filed a motion to dismiss.  That motion is granted.[1]

BACKGROUND

On March 30, 2004, the TLC amended its Rules Governing Taxicab Specifications to require the installation in taxicabs of equipment that would electronically transmit vehicle and trip information, provide drivers with text messaging, provide passengers with a monitor displaying certain information, and accept passenger payment by credit and debit card.  See 35 R.C.N.Y. § 3-06; Notice of Final Rule Promulgation, Amendments to Rules Governing Taxicab Specifications, City Record 1222 (Apr. 14, 2004).  The amendment specifically requires the transmission of the taxicab's and driver's license numbers, the number of passengers, the starting and ending times and locations of the trip, the metered fare for the trip, and the trip distance.  Id.  It is undisputed that the GPS system used to implement this rule also collects the amount of any tips that

---

[1] The defendant attaches to its motion a document that it describes as the "Amended Complaint."  Buliga's July 27 motion to amend his complaint was granted, but he never filed an amended complaint.  The document that the TLC describes as an amended complaint, moreover, is stamped with the date July 17, one day before Buliga filed this action, and is not labeled as a complaint.  This Opinion therefore addresses the complaint that Buliga filed on July 18 ("Complaint").  Even if the document attached by the TLC were considered, however, the case would still be dismissed for the reasons set forth in this Opinion.

are paid by credit or debit card.  The TLC rule is discussed at length in the recent opinion by the Honorable Richard M. Berman in Alexandre v. New York City Taxi and Limousine Commission, No. 07 Civ. 8175 (RMB), 2007 WL 2826952 (S.D.N.Y. Sept. 28, 2007).

Buliga has a license to drive a New York City taxicab and is employed as a New York City taxicab driver.  Buliga's Complaint focuses on the TLC's collection of information on the number of trips taxicabs make each day, the origins and destinations of these trips, and the fares and tips the drivers collect.  Buliga does not own a taxi medallion or a taxicab.

DISCUSSION

Buliga's claims that New York City violated his constitutional rights under the Fourth and Ninth Amendments appear to arise under 42 U.S.C. § 1983.  See Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) (a pro se litigant need not plead the legal theories underlying his claims).  The TLC has brought its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which permits dismissal for failure to state a claim upon which relief can be granted.[2]  It argues that Buliga's Fourth Amendment claim fails because he has no reasonable

---

[2] The TLC has argued that Buliga lacks standing to complain about the requirements that owners of taxicabs install the new technology in their vehicles.  Buliga does not disagree, and therefore there is no need to address the issues of standing.

expectation of privacy in the information that the TLC is collecting and because this collection of information promotes a legitimate government interest.  It argues that Buliga's Ninth Amendment claim should be dismissed because "no definitive right to privacy exists under the Ninth Amendment."

Under the pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure, complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005).  When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).  At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d

4

Cir. 2006) (citation omitted).  A court must apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (construing Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1968-69 (2007)).

    I.    Fourth Amendment Claim

Buliga's Fourth Amendment claim fails for two reasons. With a single possible exception, he has no reasonable expectation of privacy in the information collected by the TLC. Moreover, the collection of the information promotes a legitimate government interest.

Government regulations that mandate searches or seizures are subject to the Fourth Amendment's strictures.[3]  See, e.g., Vernonia School Dist. 47J v. Acton, 515 U.S. 646 (1995) (school district policy for testing student athletes' drug use); Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602 (1989) (Federal Railroad Administration regulations requiring collection of employees' blood and urine); United States v. Amerson, 483 F.3d 73 (2d Cir. 2007) (federal statute collecting DNA from felons sentenced to probation).  A plaintiff may not prevail on a

---

[3] The TLC does not dispute that its collection of data constitutes a search and seizure by the government.

5

Fourth Amendment claim without showing that the state's search or seizure has unreasonably infringed on a legitimate expectation of privacy.

> [I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.

Minnesota v. Carter, 525 U.S. 83, 88 (1998) (citation omitted).

With one possible exception, Buliga has not shown a reasonable expectation of privacy in any of the information that will be collected under the new rule. It is well established that there is no Fourth Amendment protection accorded information about the location and movement of cars on public thoroughfares. See United States v. Knotts, 460 U.S. 276, 281-82 (1982) (use of a beeper to signal location and movements of automobile); Morton v. Nassau Cty. Police Dep't, No. 05 Civ. 4000, 2007 WL 4264569, at *3 (E.D.N.Y. Nov. 27, 2007) (GPS device in car) (collecting cases); Alexandre, 2007 WL 2826952, at *9 (GPS system in taxicabs). Taxicabs in New York City have long been subject to regulation by the TLC, and those regulations have required cabdrivers to report not only the

6

times and locations of trips but also the amount of fares.[4]  See 35 R.C.N.Y. § 2-28(a) (2003)(requiring drivers to report trip starting and ending times and locations and fare amounts, among other information).

The 2004 amendment, however, does permit the TLC to collect for the first time information about tips when a passenger uses a credit or debit card to pay the tips.  For the purposes of this Opinion it is assumed that there is some expectation of privacy in this financial information.  Nonetheless, New York City taxicab drivers "have reason to expect intrusions" upon their privacy insofar as it pertains to their work.  Vernonia, 515 U.S. at 657.  Adults who choose to participate in a heavily regulated industry, such as the taxicab industry, have a diminished expectation of privacy, particularly in information related to the goals of the industry regulation.  Skinner, 489 U.S. at 627 (railroad employees); Mollica v. Volker, 229 F.3d 366, 372 (2d Cir. 2000) (hunters); Statharos v. New York City Taxi & Limousine Comm'n, 198 F.3d 317, 325 (2d Cir. 1999) (taxi industry).

Even if Buliga were able to establish a legitimate expectation of privacy in information about tips paid by credit

---

[4] Although Buliga argues that the "Trip Record" required by the prior Section 2-28 is "only a personal financial record," and not public information, Section 2-28(f) required drivers to submit their Trip Record to "the owner."

or debit card, his Fourth Amendment claim would fail because his privacy interest would be outweighed by the legitimate government interests served by the new rule. "The touchstone of the Fourth Amendment is reasonableness." United States v. Miller, 430 F.3d 93, 97 (2d Cir. 2005) (citing United States v. Knights, 534 U.S. 112, 118 (2001)). Even in the context of a search authorized by statute or regulation, the reasonableness of a search or seizure "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." Skinner, 489 U.S. at 619 (citation omitted).

Warrantless government searches pursuant to a statute or regulation are permitted "when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement [that ordinarily applies to government searches] impracticable." Id. (citation omitted).[5]  The government's

---

[5] As explained in Amerson, 483 F.3d 73, this Circuit continues to apply a special needs analysis of Fourth Amendment claims premised on suspicionless search regimes. Id. at 81. The TLC regulation qualifies for special needs analysis, since its collection of data is undeniably incompatible with the normal requirement of a warrant and probable cause and the nature of the search involved here greatly attenuates the risks and harms against which the warrant and probable cause requirement protect. Id. at 82. As was true for the statute reviewed in Amerson, which permitted the collection of DNA from federal felons, the collection regime leaves no discretion to law enforcement. Id. Finally, as discussed below, the TLC regulation fulfills important purposes that could not be achieved by normal law enforcement methods. Id.

interest in escaping the requirement that it obtain a warrant "is at its strongest" when the burden of applying for a warrant "is likely to frustrate the governmental purpose behind the search."  Id. at 623 (citation omitted).  While warrantless searches must generally be supported by probable cause, id. at 624, "[i]n limited circumstances, where the privacy interests implicated by the search are minimal, and where an important governmental interest furthered by the intrusion would be placed in jeopardy by a requirement of individualized suspicion, a search may be reasonable despite the absence of such suspicion."  Id.

In assessing the reasonableness of a search in such circumstances, courts may consider the intrusiveness of the search, Id. at 626, the degree to which there is a legitimate expectation of privacy, id. at 627, and the government interest furthered by the search, id. at 628.  Or, as the Second Circuit has recently explained,

> [T]his balancing test is to be based on an examination of three factors:  (1) the nature of the privacy interest involved; (2) the character and degree of the governmental intrusion; and (3) the nature and immediacy of the government's needs, and the efficacy of its policy in addressing those needs.  So defined, the more attenuated the government's need the more minimal must the invasion of privacy be to be countenanced under the Fourth Amendment.

Amerson, 483 F.3d at 83-84 (citation omitted).

9

Buliga's privacy interest in the information concerning tips paid by credit or debit card is minimal at best.  The governmental intrusion is also minimal; it does not involve a "physical intrusion" into Buliga's body or home.  The information is directly related to job performance in a regulated industry.  A driver has an independent duty to report all tips to federal and state taxing authorities, and yet only those tips paid by debit and credit card are reported to the TLC.

The government interest, in contrast, is substantial.  In promulgating the rule at issue, the TLC stated that it would, inter alia, permit complex analysis of taxicab activity "for policy purposes."  Statement of Basis and Purpose, Amendments to Rules Governing Taxicab Specifications, City Record 1222-23 (Apr. 14, 2004).  Buliga does not and cannot reasonably dispute that the City of New York, acting through the TLC, "has a substantial interest in promoting taxi customer service, taxicab ridership, and passenger and driver safety."  Alexandre, 2007 WL 2826952, at *10.  The installation of credit and debit card processing systems in taxicabs promotes customer service, and payment by credit or debit card necessarily requires the collection of information on the amounts of tips that are paid by credit or debit card.

Considering the compelling governmental interest, and the minimal intrusion and privacy interest at stake, the TLC rule is reasonable and is not barred by the Fourth Amendment. The motion to dismiss is granted with respect to Buliga's Fourth Amendment claim.

II. Ninth Amendment Claim and Substantive Due Process

Buliga also asserts that his Ninth Amendment privacy rights were violated. The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."[6]

The Second Circuit has recognized a constitutionally protected interest in the confidentiality of personal financial information. Statharos, 198 F.3d at 322-23. This interest "is not absolute" and "can be overcome by a sufficiently weighty government purpose." Id. at 323. The Second Circuit has determined that financial disclosure requirements imposed upon participants in the taxicab industry are subject to an intermediate level of scrutiny, because the taxi industry is so important to the life of New York City that it is pervasively regulated. Id. at 324; Alexandre, 2007 WL 2826952, at *10. Under intermediate scrutiny, if the rule "is designed to further

---

[6] Whether Buliga's claim is more properly located in the Fourteenth Amendment does not affect this Opinion's analysis. As noted above, it is not necessary for Buliga to plead the legal theories underlying his claims. Phillips, 408 F.3d at 130.

a substantial governmental interest and does not land very wide of any reasonable mark in making its classifications, it must be upheld." Statharos, 198 F.3d at 324 (citation omitted).

For the reasons discussed with respect to the Fourth Amendment claim, the rule at issue is designed to further a substantial government interest. Buliga may contend that other policies would be more successful, but he has not alleged that the rule was not designed to further a substantial government interest. The TLC's rule also does not "land very wide of any reasonable mark in making its classifications." It mandates only the collection of data relating to trips that drivers make in taxicabs and in their capacity as taxicab drivers. See id. at 324-25. For these reasons, the motion to dismiss is granted with respect to all of Buliga's privacy claims.

CONCLUSION

For the foregoing reasons, the TLC's September 21 motion to dismiss Buliga's Complaint is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         December 21, 2007

                                    _____
                                           DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Florica Buliga  
840 Eighth Avenue, #10L  
New York, NY 10019

Sheryl Neufeld  
Assistant Corporation Counsel  
The City of New York Law Department  
100 Church Street  
New York, NY 10007